UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRY FENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:16-cv-00848-TCB |
| ) | |
| ) | **JURY TRIAL DEMANDED** |
| ANGELICA TEXTILE SERVICES, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

**1.   Description of Case:**

(a)   Describe briefly the nature of this action.

This is an action brought by Plaintiff Fentz ("Plaintiff" or "Fentz") to recover damages for breach of a written agreement entered into with Defendant Angelica Textile Services, Inc. ("Angelica").

(b)   Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On March 26, 2015, Angelica offered and Fentz accepted a position as Senior Vice-President, pursuant to a written Consulting Agreement (the "Agreement"). Fentz signed the Agreement on March 26, 2015 and Angelica

signed the Agreement on or about April 6, 2015. Under the terms of the Agreement, Angelica agreed to pay Fentz $20,833 per month ($250,000/year) for one year after the April 6, 2015 "Effective Date" of the contract. On December 3, 2015, Angelica's and Fentz' contractual relationship came to an end. Fentz contends that he is entitled to severance pay under the Agreement as a result of the separation of the parties' relationship. Angelica disputes that Fentz is entitled to any severance pay and contends that he accepted an offer of resignation.

    (c)    The legal issues to be tried are as follows:

**By Plaintiff**

    (1) Whether Angelica breached the Agreement and, if so, the amount of damages Fentz is entitled to recover?

    (2) Whether and in what amount Fentz is entitled to recover damages, attorney's fees and costs from Angelica?

**By Defendant:** In addition to the legal issues identified by Plaintiff:

(1) Whether Mr. Fentz waived his right to notice and cure and/or severance under the Agreement by virtue of his immediate resignation and failure to respond to Angelica's letter summarizing the fact of his resignation;

(2) Whether Mr. Fentz is estopped from claiming an entitlement to

severance by virtue of his immediate resignation and failure to respond to Angelica's letter summarizing his resignation;

(3) Whether Mr. Fentz' claims are barred by his own breach of the parties' Agreement, the after-acquired evidence doctrine, or judicial estoppel;

(4) Whether Mr. Fentz could have cured his deficient performance pursuant to the notice and cure provision of the Agreement; and

(5) Whether Angelica acted in good faith in accepting Mr. Fentz's immediate resignation rather than terminating him for cause.

    (d)    The cases listed below (include both style and action number) are:

        (1)    Pending Related Cases: None.

        (2)    Previously Adjudicated Related Cases: None.

**2.  This case is complex because it possesses one (1) or more of the features listed below (please check):** The parties do not contend the case is complex.

    ____ (1)    Unusually large number of parties

    ____ (2)    Unusually large number of claims or defenses

    ____ (3)    Factual issues are exceptionally complex

    ____ (4)    Greater than normal volume of evidence

    ____ (5)    Extended discovery period is needed

____ (6) Problems locating or preserving evidence

____ (7) Pending parallel investigations or action by government

____ (8) Multiple use of experts

____ (9) Need for discovery outside United States boundaries

____ (10) Existence of highly technical issues and proof

____ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**Plaintiff:**

> Stephen M. Katz, Esq.
> The Katz Law Group LLC
> 4799 Olde Towne Parkway, Suite 100
> Marietta, GA 30068
> smkatz@smk-law.com
> (770) 988-8181 (telephone)
> (770) 988-8182 (facsimile)

**Defendant:**

> Henry M. Perlowski, Esq.
> ARNALL GOLDEN GREGORY LLP
> 171 17th Street, N.W., Suite 2100
> Atlanta, Georgia 30363-1031
> Henry.Perlowski@agg.com
> (404) 873-8684 (telephone)
> (404) 873-8685 (facsimile)

**4.     Jurisdiction:**

Is there any question regarding this Court's jurisdiction? By Defendant: No. By Plaintiff: No.

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)     The following persons are necessary parties who have not joined: None.

(b)     The following persons are improperly joined as parties: None.

(c)     The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary: None at this time.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   *Other Limited Motions*: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.   Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

The parties agree that Initial Disclosures are appropriate.

**9.   Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.

The parties do not seek a scheduling conference.

**10.     Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**By Plaintiff:**

The reason for Fentz's termination, evidence regarding notice and right to cure, and damages.

**By Defendant:**

Communications between Angelica and Fentz regarding his performance; Angelica's decision to terminate the Agreement for grounds amounting to cause, and its subsequent discussions with Fentz that resulted in his agreement to resign;

and whether providing Mr. Fentz with notice and an opportunity to cure would have been futile.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or forced upon particular issues, please state those reasons in detail below:

The parties request a six (6) month discovery track because: (i) there are an unknown number of witnesses, including out of state witnesses, who may need to be deposed; (ii) lead defense counsel has trial commitments out of state in December 2016 and January 2017, which could impact the conclusion of discovery and the summary judgment briefing process; (iii) lead defense counsel has a number of commitments related to several class action representations throughout the second half of 2016; and (iv) a shorter discovery track would conclude in the middle of the holidays.

**11.    Discovery Limitation:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

None are anticipated at the present time.

(b) Is any party seeking discovery of electronically stored information?

__(x)__  Yes                                              _____ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

The parties have discussed the production of electronically stored information and have agreed to work together to prepare a reasonable ESI discovery plan. Although the parties do not anticipate any issues at this time, they will alert the Court if any issues arise.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata and have agreed as follows:

Electronically-stored discoverable documents and e-mails ("ESI") shall be produced, whenever possible, in TIFF format with extracted text provided. The parties shall produce ESI with OCR imaging for all documents that do not contain text (*i.e.*, a scanned PDF files). Excel files should be produced in native format.

The parties will produce ESI in a Concordance delimited file (.DAT). Productions will be encrypted prior to being sent out.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None.

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on June 15, 2016, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

**For Plaintiff**: Lead counsel (signature): /s/ Stephen M. Katz

**For Defendant**: Lead counsel (signature): /s/ Henry M. Perlowski and Jennifer L. Shelfer

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

    (___) A possibility of settlement before discovery.

    ( x ) A possibility of settlement after discovery.

    (___) A possibility of settlement, but a conference with the judge is needed.

    (___) No possibility of settlement.

 (c) Counsel ( x ) do or () do not intend to hold additional settlement conferences among themselves prior to the close of discovery.

 (d) The following specific problems have created a hindrance to settlement of this case:

 None.

**14. Trial by Magistrate Judge:**

Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

 (a) The parties (___) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day of _____, 2016.

 (b) The parties ( X ) do not consent to having this case tried before a Magistrate Judge of this Court.

Respectfully submitted this 24th day of June, 2016.

| | |
|---|---|
| /s/ Stephen M. Katz | /s/ Henry M. Perlowski |
| Stephen M. Katz, Esq. | Henry M. Perlowski |
| Georgia Bar No. 409065 | Georgia Bar No. 572393 |
| The Katz Law Group LLC | henry.perlowski@agg.com |
| 4799 Olde Towne Parkway, Suite 100 | Jennifer L. Shelfer |
| Marietta, GA 30068 | Georgia Bar No. 557213 |
| smkatz@smk-law.com | jennifer.shelfer@agg.com |
| (770) 988-8181 (telephone) | ARNALL GOLDEN GREGORY LLP |
| (770) 988-8182 (facsimile) | 171 17th Street, N.W., Suite 2100 |
| | Atlanta, Georgia 30363-1031 |
| | Phone: 404-873-8500 |
| | Fax: 404-873-8501 |
| | |
| *Attorney for Barry Fentz* | *Attorney for Angelica Textile Services, Inc.* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **BARRY FENTZ**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE |
| v. | ) NO. 1:16-cv-00848-TCB |
| | ) |
| | ) JURY TRIAL DEMANDED |
| **ANGELICA TEXTILE SERVICES, INC.**, | ) |
| | ) |
| Defendant. | ) |

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2016.

_____
HON. TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BARRY FENTZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| v. ) | NO. 1:16-cv-00848-TCB |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ANGELICA TEXTILESERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties to this matter via electronic notification or otherwise:

Stephen M. Katz, Esq.
The Katz Law Group LLC
4799 Olde Towne Parkway, Suite 100
Marietta, GA 30068

This 24th day of June, 2016.

15